# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois – CM/ECF NextGen 1.8 (rev. 1.8.3)
### Eastern Division

Ziggy Zig Designs, LLC, et al.

Plaintiff,

v.

Case No.:
1:24−cv−00908

Honorable Andrea
R. Wood

The Partnerships and Unincorporated Associations
Identified on Schedule A, et al.

Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Tuesday, September 30, 2025:

MINUTE entry before the Honorable Andrea R. Wood: For docket clarification purposes, the motion to dismiss plaintiff's PI by Defendant Qiuxia Zhang d/b/a Zuskyzu at Docket No. [153] was denied as stated on the record at the hearing on 4/30/2025. Although the minute order from that date refers only to the motion to dismiss plaintiff's PI at Docket No. [173], that "motion" is actually a supplement to the previously filed motion at Docket No. [153]. Notably, even liberally construed, none of Defendant Zuskyzu's filings constitute a responsive pleading within the meaning of Fed. R. Civ. P. 12. And while Defendant Zuskyzu clearly objects to the preliminary injunction remaining in place, it does not deny using Plaintiff#039;s copyrighted images to sell the picture products on its webstore. Defendant Zuskyzu is therefore in default along with the other Defaulting Defendants. With the status of Defendant Zuskyzu's motion to dismiss plaintiff's PI clarified, the Court sees no further impediment to the resolution of Plaintiff's motion for entry of default and default judgment [115]. Specifically, having considered Plaintiff's motion and supporting materials, the Court grants Plaintiff's request for entry of default and default judgment [115]. None of Defaulting Defendants timely answered, and therefore entry of default pursuant to Fed. R. Civ. P. 55(a) is appropriate. "The basic effect of an entry of default... is that upon default, the well−pleaded allegations of a complaint relating to liability are taken as true." VLM Food Trading Int'l, Inc. v. Ill. Trading Co., 811 F.3d 247, 255 (7th Cir. 2016) (internal quotation marks omitted). The Court finds that Defaulting Defendants' infringing conduct was willful. In determining the amount of statutory damages to award in this case, the Court has considered the difficulty or impossibility of proving actual damages, the circumstances of the infringement, the efficacy of the damages as a deterrent to future infringement, the value of the Plaintiff's brand and its efforts to protect the brand, and the extent or profitability of the Defaulting Defendants' wrongful activities. In addition, the Court has considered the amounts of statutory damages requested and awarded in similar cases. Based on these factors, the Court awards Plaintiff $100,000 per Defaulting Defendant. Enter Default Judgment Order. As all claims as to all Defendants have been resolved, this case will be closed. Civil case terminated. Mailed notice (lma, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.